IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUN 23 2016
VE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16-cv-1252 |
| ) | |
| D.G. YUENGLING AND SON, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to Sections 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA" or the "Act"), 33 U.S.C. §§ 1319(b) and (d). Plaintiff alleges that Defendant has violated the terms and conditions of industrial user pretreatment permits issued to Defendant under a pretreatment program approved pursuant to Section 402(b)(8) of the CWA, 33 U.S.C. § 1342(b)(8).

2. Plaintiff seeks permanent injunctive relief and civil penalties against Defendant to address its illegal introduction of pollutants to a publically owned treatment works ("POTW"), as authorized by Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d).

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355 and 1367.

4. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), as well as Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because it is the judicial district in which the Defendant is located, resides, and/or conducts business and where the violations alleged in the Complaint occurred.

5. Notice of commencement of this action has been given to the Commonwealth of Pennsylvania in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANT

6. Defendant is a Pennsylvania corporation with its principal place of business at 310 Mill Creek Avenue, Pottsville, PA 17901.

7. Defendant is the current owner and operator of two brewery facilities located at 501 Mahantongo Street, Pottsville, PA 17901 ("Old Brewery Facility") and 310 Mill Creek Avenue, Pottsville, PA 17901 ("New Brewery Facility") (collectively, "the Facilities").

## STATUTORY AND REGULATORY REQUIREMENTS

8. Section 307(b) of the CWA, 33 U.S.C. § 1317(b), directs the Administrator to publish regulations establishing pretreatment standards governing the introduction of pollutants into POTWs that are determined not to be susceptible to treatment by such POTW or that would interfere with the operation of such POTWs. See 40 C.F.R. § 403.

9. Section 307(d) of the CWA, 33 U.S.C. § 1317(d), prohibits any owner or operator of any source to operate in violation of any effluent standard or prohibition or pretreatment standard promulgated under Section 307 of the CWA.

10. A POTW is a treatment works which is owned by a State or municipality. 40 C.F.R. § 403.3(q).

11. 40 C.F.R § 403.8 requires any POTW with a total design flow greater than 5 million gallons per day (mgd) and receiving from Industrial Users pollutants which Pass Through or Interfere with the operation of the POTW to establish a POTW Pretreatment Program.

12. 40 C.F.R § 403.5(b)(4) prohibits the introduction of pollutants, including oxygen demanding pollutants, into a POTW at a flow rate and/or concentration which will cause Interference with the POTW.

13. 40 C.F.R § 403.5(c) requires a POTW with a pretreatment program to develop and enforce specific limits on pollutants that may be introduced to the POTW.

14. Pursuant to 40 C.F.R § 403.5(d), prohibitions or limits developed by a POTW in accordance with 40 C.F.R § 403.5(c) constitute pretreatment standards that are federally enforceable pursuant to Section 307(d) of the CWA, 33 U.S.C. § 1317.

15. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction against any person who violates Section 307 of the CWA, 33 U.S.C. § 1317, or any requirement imposed in a pretreatment program approved under Section 402(b)(8) of the CWA, 33 U.S.C. § 1342(b)(8).

16. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 307 of the CWA, 33 U.S.C. § 1317, or any requirement imposed in a pretreatment program approved under Section 402(b)(8) of the CWA, 33 U.S.C. § 1342(b)(8), shall be subject to civil penalty payable to the United States of up to $25,000 per day for each violation.

17. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (February 13, 2004), 74 Fed. Reg. 626 (January 7, 2009), and 40 C.F.R. § 19, EPA may seek civil penalties of up to $32,500 per day for each violation occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day for each violation occurring after January 12, 2009.

## GENERAL ALLEGATIONS

18. The Defendant named herein is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and subject to the requirements of the Act.

19. At all relevant times, Defendant did business in the Commonwealth of Pennsylvania.

20. Defendant owns and operates the Facilities.

21. Defendant is responsible for the management, direction, and control of environmental compliance at the Facilities.

22. As a result of Defendant's brewing and processing operations at the Facilities, Defendant generates wastewater and other excess materials that are, or contain, various "pollutants" as that term is defined in Section 502(6) of the CWA, 33 U.S.C. § 1362(6). These pollutants include mercury, phosphorus, zinc, biochemical oxygen demand ("BOD"), and total suspended solids ("TSS").

23. Defendant discharges the wastewater produced at its Facilities to the Greater Pottsville Area Sewer Authority ("GPASA") wastewater treatment facility.

24. The GPASA is a "POTW" within the meaning of 40 C.F.R. § 403.3(q).

25. GPASA's wastewater treatment facility has a design flow rate greater than 8 million gallons per day (mgd),

26. Under 40 C.F.R. § 403.8 GPASA is required to establish a pretreatment program.

27. EPA approved GPASA's pretreatment program July 24, 1985.

28. At all relevant times, the Commonwealth of Pennsylvania has been authorized by EPA pursuant to Section 402(b) of the CWA, 33 U.S.C. § 1342(b), to administer an National Pollutant Discharge Elimination System ("NPDES") program for regulating the discharges of pollutants to navigable waters within the jurisdiction of the Commonwealth. Pursuant to 25 Pa. Code Chapter 92a, Pennsylvania Department of Environmental Protection ("PADEP") is the agency that administers the NPDES permit program in Pennsylvania.

29. The Commonwealth of Pennsylvania, through PADEP, issued NPDES Permit No. PA-0043885 to the GPASA (hereinafter "GPASA Permit") with an effective date of January 1, 2009 through December 31, 2013. The GPASA Permit has been administratively extended pending the issuance of a renewal permit.

30. GPASA Permit Part C, Section 1, Special Condition 7 requires GPASA to operate and implement an industrial pretreatment program in accordance with the CWA, Pennsylvania Clean Streams Law, and Federal Pretreatment Regulations, 40 C.F.R. Part 403.

31. In accordance with GPASA Permit Part C, Section 1, Special Condition 7, GPASA issued Industrial User Pretreatment Permit No. 1-7 ("Old Brewery Permit") and Industrial User Pretreatment Permit No. 1-8 ("New Brewery Permit") (collectively, "Pretreatment Permits") to Defendant for wastewater discharged from the Facilities to GPASA, with an effective start date of May 1, 1990 and March 5, 2002, respectively, through March 31, 2017.

32. Part 1.B of the Pretreatment Permits contain effluent limitations prohibiting the discharge of specified pollutants, including mercury, phosphorus, zinc, BOD, and TSS, in excess of numerical monthly average limits from Outfall Nos. 001 at Defendant's Facilities.

33. Part 1.C.10 of the Pretreatment Permits prohibit the release of any pollutants, including oxygen demanding pollutants, at a flow rate and/or pollutants concentration which a user knows or has reason to know will cause interference to the GPASA wastewater treatment facility.

34. Part 1.D of the Pretreatment Permits prohibit wastewater discharge to the sanitary sewer system at a maximum concentration greater than the values listed for each parameter in Part 1.B. of the Pretreatment Permits.

35. Part 3.A. of the Pretreatment Permits require Defendant to submit monthly discharge monitoring reports for each Facility by the 15th day of the month following the month when effluent samples were taken at the respective Facility.

36. Part 3.C. of the Pretreatment Permits require Defendant to provide notice to the GPASA of effluent limit violations at the Facilities within 24 hours of occurring, repeat effluent sampling and analysis of the applicable pollutant, and submit in writing to the GPASA the resampling results within 30 days of the first violation.

37. Part 2.A. of the Pretreatment Permits requires Defendant to take samples monthly for specified pollutants, including mercury, phosphorus, zinc, BOD, TSS, and pH.

38. At all relevant times, Defendant was required to comply with the Act, all applicable pretreatment regulations, and its Pretreatment Permits. See 33 U.S.C. § 1317(d) and 1319(b) and (d); 40 C.F.R. § 403.5(d).

**FIRST CLAIM FOR RELIEF**

39. Paragraphs 1 through 39 are realleged and incorporated by reference.

40. During the period relevant to this Complaint, Defendant has violated and likely will continue to violate the terms and conditions of its Pretreatment Permit at the Old Brewery Facility.

41. Defendant has exceeded effluent limitations at the Old Brewery Facility at least 34 times for monthly average effluent limitations in violation of Parts 1.B and 1.D of the Old Brewery Permit. See Appendix A.

42. Defendant failed to timely submit monthly discharge monitoring reports for the Old Brewery Facility at least 2 times in violation of Part 3.A. of the Old Brewery Permit. See Appendix A.

43. Defendant failed to timely report effluent limit violations and complete required resampling at the Old Brewery Facility at least 12 times in violation of Part 3.C. of the Old Brewery Permit. See Appendix A.

44. Defendant failed to take compliant monthly monitoring samples at the Old Brewery Facility at least 9 times in violation of Part 2.A. of the Old Brewery Permit. See Appendix A.

45. For each violation of the Old Brewery Permit at the Old Brewery Facility, Defendant is in violation of Section 307 of the CWA, 42 U.S.C. § 1317, and/or the conditions and limitations of its pretreatment permit issued under a pretreatment program approved pursuant to Section 402(b)(8) of the CWA, 42 U.S.C. § 1342(b)(8).

46. Unless enjoined, Defendant's violations will continue at the Old Brewery Facility.

47. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Defendant is liable for permanent injunctive relief.

48. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(d), Defendant is liable for civil penalties of up to $32,500 per day of violation for all violations occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day of violation for all violations occurring after January 12, 2009.

## SECOND CLAIM FOR RELIEF

49. Paragraphs 1 through 49 are realleged and incorporated by reference.

50. During the period relevant to this Complaint, Defendant has violated and likely will continue to violate the terms and conditions of its pretreatment permit at the New Brewery Facility.

51. Defendant has exceeded effluent limitations at the New Brewery Facility at least 41 times for monthly average effluent limitations in violation of Parts 1.B and 1.D of the New Brewery Permit. See Appendix A.

52. Defendant failed to timely submit monthly discharge monitoring reports for the New Brewery Facility at least 4 times in violation of Part 3.A. of the New Brewery Permit. See Appendix A.

53. Defendant failed to timely report effluent limit violations and complete required resampling at the New Brewery Facility at least 31 times in violation of Part 3.C. of the New Brewery Permit. See Appendix A.

54. Defendant failed to take compliant monthly monitoring samples at the New Brewery Facility at least 8 times in violation of Part 2.A. of the New Brewery Permit. See Appendix A.

55. For each violation of the New Brewery Permit at the New Brewery Facility, Defendant is in violation of Section 307 of the CWA, 42 U.S.C. § 1317, and/or the conditions and limitations of its pretreatment permit issued under a pretreatment program approved pursuant to Section 402(b)(8) of the CWA, 42 U.S.C. § 1342(b)(8).

56. Unless enjoined, Defendant's violations will continue at the New Brewery Facility.

57. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), Defendant is liable for permanent injunctive relief.

58. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(d), Defendant is liable for civil penalties of up to $32,500 per day of violation for all violations occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day of violation for all violations occurring after January 12, 2009.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests that the Court grant the following relief:

59. Permanently enjoin Defendant from introducing pollutants to the GPASA except as expressly authorized by the CWA and the limitations and conditions of the Pretreatment Permits held by Defendant.

60. Order Defendant to take all necessary steps to comply with the CWA and the limitations and conditions of the applicable Pretreatment Permits.

61. Assess civil penalties against Defendant of up to $32,500 per day for each violation of the Pretreatment Permits that occurred between March 16, 2004 and January 12, 2009, and up to $37,500 per day for each violation that occurred after January 12, 2009.

62. Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

STACY D. COLEMAN, Bar No. DC 994961
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
999 18th Street, Suite 370, South Terrace
Denver, Colorado 80202
T: (303) 844-7240
F: (303) 844-1350
Email: Stacy.Coleman@usdoj.gov